**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 50067**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed:  December 31, 2024** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| RODNEY WARREN GARVIN, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Boise County.  Hon. Darla S. Williamson, Senior District Judge.

Judgment of conviction for lewd conduct with a minor child under sixteen, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Amy J. Lavin, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

Rodney Warren Garvin appeals from the judgment of conviction entered following a jury verdict finding him guilty of lewd conduct with a minor child under sixteen.  Garvin argues that the district court erred in admitting evidence from a law enforcement officer during trial.  For the reasons set forth below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

The State charged Garvin with lewd conduct with a minor child under sixteen, Idaho Code § 18-1508, and the case proceeded to trial.  The first trial resulted in a mistrial due to a hung jury. At the second trial, Deputy Anderson, the investigating officer, testified regarding statements made by the victim.  Garvin objected on the grounds that Deputy Anderson's testimony characterizing the victim's statements as credible was undisclosed expert testimony pursuant to Idaho Rule of

1

Evidence 702. The district court overruled the objection and allowed Deputy Anderson to testify. The jury found Garvin guilty. Garvin appeals.

## II.

## STANDARD OF REVIEW

The trial court has broad discretion in determining the admissibility of testimonial evidence. *State v. Smith*, 117 Idaho 225, 232, 786 P.2d 1127, 1134 (1990). A decision to admit or deny such evidence will not be disturbed on appeal, absent a clear showing of abuse of that discretion. *Id.* When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

## III.

## ANALYSIS

Garvin claims the district court abused its discretion by admitting Deputy Anderson's testimony about the victim's credibility because it was undisclosed expert testimony. The State argues Deputy Anderson's testimony was not opinion testimony and, even if it was opinion testimony, it was not expert testimony. In addition, the State asserts that Garvin did not preserve an objection based upon Idaho Criminal Rule 16(b)(7) for failure to disclose and, even if the testimony constituted expert testimony, the State laid proper foundation for the testimony.

In this case, the victim participated in a CARES interview and did not disclose to the interviewer that Garvin had touched her "private."[1] After the first trial ended in a mistrial as a result of a hung jury, the victim testified in the second trial that Garvin had touched her private. She explained that she did not feel comfortable in the CARES interview and did not trust the interviewer, which is why she did not disclose in the interview that Garvin touched her private. Deputy Anderson testified that he had observed the CARES interview and stated that the victim's statements "appeared" to be truthful responses to the interviewer's questions. Garvin did not object to this testimony. During cross-examination, the following exchange occurred:

---

[1] The victim testified that she uses "private" to refer to her vagina.

| [Garvin]: | Yesterday, you testified that you had characterized [A.F.]'s statements as being truthful. Do you recall? |
| [Anderson]: | Yes. |
| [Garvin]: | So if she told her story differently after that interview, would you still characterize her statements as being truthful? |
| [Anderson]: | Yes. |

During redirect, the State asked the following:

| [State]: | You also indicated in questioning by Counsel that even if [A.F.] told the story differently after the CARES interview, you would still see the--her comments as truthful? |
| [Anderson]: | Correct. |
| [State]: | Why? |
| [Anderson]: | It's not abnormal when there's a traumatic thing. |
| [Garvin]: | Objection, Your Honor. The question calls for expert opinion, and this witness is not an expert in the area. |
| [State]: | Your Honor, I-- |
| The Court: | He already answered the question. |
| [State]: | Yes. |
| [Garvin]: | Move to strike. |
| [State]: | Your Honor, I don't think he got into any expert testimony, it was simply in his experience. He's seen individuals in his law enforcement experience testify or not. He's indicating what is normal, not why that occurs, not any psychological mechanism about why individuals might change stories. Just that in his experience, that is not uncommon. |
| The Court: | The objection is overruled. |
| [State]: | And so, [Deputy], just to repeat that, you've indicated it's not abnormal for that to occur? |
| [Anderson]: | In a traumatic injury or a traumatic incident, it's not abnormal for a victim to not be able to recall a certain detail and then later on, be able to recall another detail that was not revealed initially. |

Garvin claims that Deputy Anderson's testimony "about how victims of traumatic events often will not initially remember all the details of the traumatic event" is expert testimony for which Deputy Anderson had not been qualified and disclosed pursuant to I.C.R. 16(b)(7). Garvin asserts that Deputy Anderson's testimony on re-direct examination was "elicited specifically to convince the jury to not reach the common sense conclusion that inconsistent statements demonstrates [sic] the witness is not credible, and was, therefore, based on the deputy's specialized knowledge and experience with victims" thus, falling within I.R.E. 702 expert testimony.

A lay person may testify about their opinion only if that opinion is rationally based on their perception, is helpful to understand their testimony or determine a fact in issue, and is not based on specialized knowledge. I.R.E. 701. Alternatively, a qualified expert may testify as to their

3

opinion which is based on their scientific, technical, or otherwise specialized knowledge to help the trier of fact understand the evidence or determine a fact in issue. I.R.E. 702.

As explained by the Idaho Supreme Court, a lay witness may testify to an opinion or inference only if it is rationally based on a witness's perception (i.e., the personal knowledge requirement under I.R.E. 602); and not based on scientific, technical, or other specialized knowledge within the scope of I.R.E. 702. *State v. Smith*, 170 Idaho 800, 817, 516 P.3d 1071, 1088 (2022). When either element is missing, if the opinion is to be admitted at all, it must satisfy the requirements for expert testimony. *Id*. The Court further explained that lay testimony is based on the ordinary experience of the average person and that it results from a process familiar in everyday life. *Id*. Finally, the Court observed that the opinion must be able to be drawn following observation by any person possessing a generally present background, i.e., common knowledge. *Id*.

Garvin argues that *State v. Dacey*, 169 Idaho 102, 491 P.3d 1205 (2021) is controlling and should dictate a finding that Deputy Anderson's testimony qualified as expert testimony. *Dacey* is distinguishable in at least two ways. First, in *Dacey*, the officer's opinion was based on the kind of specialized training contemplated by I.R.E. 702. *See Dacey*, 169 Idaho at 104, 491 P.3d at 1207. Second, the subject matter of the officer's testimony in *Dacey* was highly technical and could only be derived from specialized training. *See id.* at 110, 491 P.3d at 1213. In addition, Garvin incorrectly characterizes the holding in *Dacey* as limiting an officer's lay opinion to the investigatory process itself. Here, Deputy Anderson's testimony was rationally based on his perceptions during the normal course of his work as a law enforcement officer and not on any "scientific, technical, or otherwise specialized knowledge." I.R.E. 702. Moreover, Deputy Anderson's stated perception does not require even a basic level of experience or specialized knowledge associated with the profession of law enforcement to recognize its veracity.

Garvin further argues that Deputy Anderson's explanation was counter-intuitive, thereby implicating *Dacey*'s reasoning that counter-intuitive opinions cannot be based on common sense or "rational perception." *See Dacey*, 169 Idaho at 111, 491 P.3d at 1214. Calling Deputy Anderson's explanation counter-intuitive does not make it so. There is nothing counter-intuitive about explaining that a witness may not recall or disclose all details initially following a traumatic event. Therefore, because Deputy Anderson's testimony was not expert testimony under I.R.E. 702, the State was not required to provide additional foundation pursuant to I.R.E 703 and

4

705, nor was the State required to provide notice under I.C.R. 16(b)(7).[2]  Thus, the district court did not abuse its discretion when it admitted Deputy Anderson's testimony into evidence.

The district court correctly perceived its decision as one of discretion, acted within the boundaries of such discretion, acted consistently with the legal standards applicable to the specific choices before it, and reached its decision by an exercise of reason.  Garvin has failed to show that the district court erred in admitting Deputy Anderson's testimony.

**IV.**

**CONCLUSION**

Garvin has failed to show that the district court abused its discretion in admitting Deputy Anderson's testimony.  Therefore, Garvin's judgment of conviction for lewd conduct with a minor child under sixteen is affirmed.

Judge LORELLO and Judge TRIBE **CONCUR**.

---

[2]  While the State asserts Garvin's argument that the State failed to provide notice pursuant to Idaho Criminal Rule 16(b)(7) is unpreserved, we assume without deciding that the argument is preserved.